United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HELLER EHRMAN LLP,<br><br>    Liquidating Debtor.<br>_____<br>HELLER EHRMAN LLP<br><br>    Plaintiff,<br><br>  v.<br><br>ORRICK, HERRINGTON & SUTCLIFFE LLP,<br><br>    Defendant.<br>_____/ | No. CV 13-01775 CRB<br><br>**ORDER DENYING MOTION FOR DE NOVO REVIEW** |

       This cases arises out of the dissolution of the law firm Heller Ehrman LLP ("Heller"), which has thus far proceeded in bankruptcy court. Heller's plan administrator brought fraudulent transfer actions against dozens of law firms employing former Heller shareholders. Most of the actions settled, but four ultimately proceeded to summary judgment. On cross-motions for summary judgment, the bankruptcy court granted Heller's motion and denied Defendants' motions, deeming the transfers fraudulent and leaving unresolved the issue of damages.

       All four Defendants sought leave from this Court to appeal from the bankruptcy court's interlocutory summary judgment ruling, and this Court denied leave to appeal. See

Order Denying Motions for Leave to File Interlocutory Appeal, dkt. 5; No. 13-1890 (dkt. 6), No. 13-1891 (dkt. 6); No. 13-1892 (dkt. 6); No. 13-2192 (dkt. 3).

One of the four defendants, Orrick, Herrington & Sutcliffe LLP ("Orrick"), additionally argued that under <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (2011), the bankruptcy court lacked authority to grant partial summary judgment establishing the firm's liability, and so the ruling should be treated as proposed findings of fact and conclusions of law subject to immediate de novo review by the district court. <u>See</u> Fed. R. Bankr. P. 9033.[1]  The other three defendants disagreed, maintaining that the summary judgment order was interlocutory and could only be reviewed with leave of this Court via certification under 28 U.S.C. § 158(a). <u>See</u> N.D. Cal. Bankr. No. 10-3221, dkt. 186 (Jones Day); No. 10-3213, dkt. 103 (Foley & Lardner); No. 10-3210, dkt. 134 (Davis Wright Tremaine LLP).

<u>Stern</u> "settle[d] the question of whether bankruptcy courts have the general authority to enter final judgments in fraudulent conveyance claims asserted against noncreditors to the bankruptcy estate.  They do not."  <u>Exec. Benefits Ins. Agency v. Arkinson (In re Bellingham Ins. Agency, Inc.)</u>, 702 F.3d 553, 565 (9th Cir. 2012).  Notwithstanding their lack of authority to enter <u>final</u> judgments, however, the bankruptcy courts retain the authority "to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts. . . . [T]he § 157(b)(1) power to 'hear and determine' them authorizes bankruptcy courts to issue proposed findings of fact and conclusions of law.  Only the power to enter final judgment is abrogated." <u>Id.</u> at 565-66.

Orrick concedes that the bankruptcy court's summary judgment order "does not constitute a 'final judgment in the ordinary sense.'" Mot. at 4.  In fact, the bankruptcy court's summary judgment order here is not a final judgment in any relevant sense.  <u>See, e.g.</u>, <u>In re Kashani</u>, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995) ("To become final, the decision, order, or decree must end the litigation, or dispose of a complete claim for relief, and leave nothing for

---

[1] Orrick actually argues that it "recognizes that, as part of the development of law in this area, appellate courts <u>could</u> conclude that bankruptcy courts lack authority" to enter this kind of summary judgment ruling. Mot. (dkt. 6-1) at 1 (emphasis added). Orrick therefore deemed it prudent to "timely file objections . . . in order to preserve its objections for appeal."

United States District Court
For the Northern District of California

the court to do but execute the judgment.); In re Belli, 268 B.R. 856-57 (B.A.P. 9th Cir. 2001) ("It is long settled that a grant of partial summary judgment without a Rule 54(b) certification is interlocutory and not within an appellate court's jurisdiction over final orders.").

Orrick nevertheless says that at least one bankruptcy court has suggested that it cannot grant partial summary judgment after Stern. Mot. at 4 (citing Paloian v. LaSalle Bank Nat'l Ass'n (In re Doctors Hosp. Of Hyde Park, Inc.), 463 B.R. 93, 100-01 (N.D. Ill. Bankr. 2011)). That case is not binding on this Court, and it only questioned the bankruptcy court's authority to grant the motion in dicta, since the court ultimately denied the motion. See Paloian, 463 B.R. at 114-15. Other bankruptcy court authority is to the contrary, both in holding and sentiment, e.g., In re Trinsum Grp., Inc., 467 B.R. 734, 742 (Bankr. S.D.N.Y. 2012); In re Yellowstone Mountain Club, LLC, Bankr. No. 08-61570-11, Adversary No. 09-064, 2012 WL 2921012, at *3-4 (Bankr. D. Mont. July 17, 2012).

In any event, this Court finds Bellingham and the well-established distinction between interlocutory rulings and final judgments dispositive. The bankruptcy court here was within its authority to issue the interlocutory summary judgment ruling, and this Court already denied Orrick's request for leave to appeal that ruling, which was the only legitimate avenue of seeking review in this Court. Accordingly, Orrick's motion for de novo review is DENIED.

**IT IS SO ORDERED.**

Dated: May 21, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE